IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARY ELIZABETH DURKIN                                                               PLAINTIFF

V.                                            NO. 13-5120

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration          DEFENDANT

**O R D E R**

Plaintiff, Mary Elizabeth Durkin, appealed the Commissioner's denial of benefits to this Court. On June 17, 2014, a Judgment was entered remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 15). Plaintiff now moves for an award of $4,163.14 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 21.25 attorney hours of work performed before the Court in 2013 and 2014, at an hourly rate of $185.00, and 2.75 paralegal hours for work performed in 2013 and 2014, at an hourly rate of $75.00. Defendant filed objections to Plaintiff's request, arguing that Plaintiff is not entitled to EAJA fees because Defendant's position was substantially justified.

In the Memorandum Opinion entered by the undersigned on June 17, 2014, this matter was remanded because the Court believed the opinion of the surgeon who performed surgery on Plaintiff in February of 2011, Dr. Lawrence G. Lenke, was necessary in order for the Court to understand what impact Plaintiff's condition had upon her ability to perform work-related activities after her February surgery. (Doc. 14). The Court remanded the matter to allow the ALJ to obtain a Physical RFC Assessment from the surgeon who operated on Plaintiff in 2011, or to

submit interrogatories to him. In the opinion, the Court asked the attorneys for Plaintiff and Defendant to address the question of whether fees were appropriate under the facts of this case, "as Plaintiff was asked to submit the records in question by the ALJ and failed to do so." (Doc. 14 at p. 7). The Court noted that at the administrative hearing held before the ALJ, Plaintiff's attorney asked the ALJ to leave the record open in order for her to provide the records relating to the February 2011 surgery, and failed to provide such records, even though he left the record open for 90 days after the hearing. Therefore, the ALJ issued his decision without the benefit of the 2011 surgery records from Dr. Lenke.

The government bears the burden of proving its position was substantially justified at all times. Goad v. Barnhart, 398 F.3d 1021, 1025 (8th Cir. 2005). "[T] Commissioner can advance a losing position in the district court and still avoid the imposition of a fee award as long as the Commissioner's position had a reasonable basis in law and fact," and a "loss on the merits by the Commissioner does not give rise to a presumption that she lacked substantial justification for her position." Id. "Courts vary in how they characterize the 'position' of the government under the EAJA, with some focusing on the issue that led to remand and others taking a more holistic view of the government's case." Bales v. Colvin, No. CIV. 13-4021, 2014 WL 5422175 at *3 (D.S.D., Oct. 22, 2014). The Court in Bales opined that it appeared that the Eighth Circuit Court of Appeals takes a holistic approach when determining whether the government's position was substantially justified. Id. "Yet even those courts that take a holistic approach will award attorney's fees when the government takes a substantially unjustified position on a significant issue that affects the entirety of the case." Id.

Taking a holistic approach to the government's position in this case leads the Court to

-2-

conclude that the government's position was not substantially justified. Subsequent to the February 2011 surgery, Plaintiff was seen from May 2011 to October 2011 at Mercy Physician's Plaza and Ozark Orthopaedic and Sports Medicine Clinic, Ltd., and reported arm and leg pain, a stiff back, and lumbago. Without the records relating to the surgery, or a Physical RFC Assessment from Dr. Lenke or another examining physician, the Court does not believe there was sufficient evidence in the record for the ALJ to determine Plaintiff's ability to function in the workplace.

Although the Court believes Plaintiff's counsel could have been more diligent in attempting to obtain the records at issue, the Court does not believe the government was justified in determining Plaintiff was not disabled, based upon consideration of the evidence as a whole.

Accordingly, the Court will proceed with the determination of the amount of attorney's fees to which Plaintiff's counsel is entitled.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee

request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $185.00 for 21.25 attorney hours in 2013 and 2014, and an hourly rate of $75.00 for 2.75 paralegal hours which she asserts were devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437. Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under §2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff's counsel submitted a CPI-

South urban, which supports an award based upon an hourly rate of $183.00 in 2013 and $185.00 in 2014.[1] See Johnson, 919 F.2d at 505.

The Court will next address the number of hours requested by Plaintiff's counsel.

Plaintiff's attorney seeks reimbursement for the following activities performed in 2013:

| Date | Activity | Hours |
|---|---|---|
| 7/19/13 | (Attorney hours) Review and sign Summonses and service letters to be sent to Defendants. | 0.50 |
| 7/19/13 | (Paralegal hours) Prepare and send summonses and service Letters to US office of General Counsel, US Department of Justice, and US Attorney by Certified mail return receipt requested delivery To postal service (Paralegal hours) | 1.00 |

These tasks are clerical in nature and cannot be compensated under the EAJA. Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir. 1987)(work which could have been completed by support staff is not compensable under the EAJA). Therefore, the Court will deduct .50 hours from the attorney hours for 2013 and 1.00 hour from the 2013 paralegal hours.

Plaintiff's attorney seeks reimbursement for 1.75 hours of paralegal time spent preparing and finalization of the EAJA fee request in 2014. The Court believes that the time claimed for preparing what appears to be the standard fee petition and brief submitted by Plaintiff's counsel in social security cases is excessive. The Court will deduct .75 hours from the paralegal time claimed.

Plaintiff's attorney seeks $25.64 for certified mail receipts.  Postage fees are not classified as costs under § 1920, and are, therefore, recoverable under the EAJA as expenses.

---

[1] Per Amended General Order 39, the allowable rate for each year is as follows, and for simplicity sake, the figure is rounded to the nearest dollar:
2013 - 223.109 x 125 divided by 152.4 (March 1996 CPI -South) = $182.99/hour-$183.00
2014 - 227.082 x 125 divided by 152.4 (March 1996 CPI -South) = $186.25 hour-$186.00

Accordingly, the Court finds that $25.64 is recoverable as an expense.

Based upon the foregoing, the Court finds that Plaintiff's counsel should be awarded an attorney's fee under the EAJA for: 18.4 attorney hours ( 18.9 attorney hours less .50 hours) for work performed in 2013 at an hourly rate of $183.00 and 2.35 attorney hours for work performed in 2014 at an hourly rate of $185.00; 1 paralegal hour (2.75 hours less 1.75 hours) at an hourly rate of $75.00, plus $25.64 in expenses, for a **total attorney's fee award of $3,879.30, plus $25.64 in expenses.** This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Based upon the holding in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

DATED this 5th day of March, 2015.

/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE